**PERKINS COIE LLP**
David T. Biderman (*Admitted Pro Hac Vice*)
4 Embarcadero Center, Suite 2400
San Francisco, CA 94111
Phone: 415-344-7000
Fax: 415-344-7050

Charles C. Sipos (*Admitted Pro Hac Vice*)
1201 Third Avenue, Suite 4800
Seattle, WA 98101
Phone: 206-359-8000
Fax: 206-359-9000

**BLANK ROME LLP**
Stephen M. Orlofsky
David C. Kistler
New Jersey Resident Partners
301 Carnegie Center, 3rd Floor
Princeton, NJ 08540
Phone: 609-750-2646
Fax: 609-897-7286

Attorneys for Defendant General Mills, Inc.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| IN RE GENERAL MILLS, INC. KIX CEREAL LITIGATION | Case No. 2:12-cv-00249-KM-MCA<br><br>(Consolidated with Case Nos. 2:12-cv-02886 and 2:12-cv-03567)<br><br>GENERAL MILLS, INC.'S ANSWER TO CLASS ACTION COMPLAINT IN *BEVANS v. GENERAL MILLS, INC.* |

Defendant General Mills, Inc. ("General Mills"), by and through its attorneys Perkins Coie LLP and Blank Rome LLP, answers Plaintiff's Complaint in *Bevans v. General Mills, Inc.*, as follows, in paragraphs numbered to correspond to the paragraph numbers in the Complaint:

## ANSWER

### NATURE OF THE CASE

1.      Plaintiff brings this class action on behalf of herself and a class of persons who purchased any of the following Kix brand cereals: Kix (original), Berry Berry Kix, and Honey Kix (collectively referred to as "Kix").

**ANSWER**:  General Mills admits that Plaintiff purports to bring this action on behalf of herself and a class of persons who purchased Kix (original), Berry Berry Kix, and Honey Kix. General Mills denies that any putative class is amenable to class certification or that Plaintiff can satisfy the requirements of Rule 23. General Mills further denies that this action can involve products which Plaintiff did not purchase. Except as expressly admitted, General Mills denies the allegations in Paragraph 1 of the Complaint.

2.      The Kix brand is owned, developed, marketed, and sold by defendant General Mills, Inc. ("General Mills" or "Defendant"). General Mills is headquartered in Minneapolis, Minnesota.

**ANSWER**:  General Mills admits that it makes and markets Kix brand products. General Mills admits that it is headquartered in Minneapolis, Minnesota.

3.      General Mills labels its Kix cereals as "made with All Natural Corn." This representation is central to General Mills' marketing of Kix, and this label is displayed on the product itself, the General Mill's website, and Kix advertisements.

**ANSWER**:  General Mills admits that some product labels of original Kix, Honey Kix, and Berry Berry Kix cereals carried the statement "made with All Natural Corn." Except as expressly admitted, General Mills denies the allegations in Paragraph 3 of the Complaint.

4.      But Kix cereals are not made of "all natural" corn. Kix main ingredient is corn that is a genetically modified plant ("GM") or genetically modified organism ("GMO").

-2-       GENERAL MILLS, INC.'S ANSWER TO COMPLAINT

**ANSWER**:  General Mills denies the allegation contained in the first sentence of Paragraph 4 of the Complaint.  As to the second sentence of Paragraph 4, General Mills admits that the first listed ingredient in Kix cereal is whole grain corn.  General Mills does not test or otherwise make specific efforts to determine whether the corn used in Kix cereals is grown from seeds using bioengineering, a technology referred to in Paragraph 4 as a "genetically modified plant ('GM')' or genetically modified organism ('GMO')," and so is without information or knowledge sufficient to either admit or deny the allegations in the second sentence of Paragraph 4. Except as expressly admitted, General Mills denies the allegations in Paragraph 4 of the Complaint.

5.      Monsanto Company, a global agricultural company that pioneered GM seeds, defines GMO on its website as food with "genetic makeup altered to exhibit traits that are not naturally theirs. In general, genes are taken (copied) from one organism that shows a desired trait and transferred into the genetic code of another organism." Monsanto, http://www.monsanto.com/newsviews/Pages/glossary.aspx#g (last visited Jan. 11, 2012) (emphasis added). As more fully alleged below, "unnatural" is a recognized defining characteristic of genetically modified foods.

**ANSWER**:  As to the first sentence in Paragraph 5, General Mills admits that the Complaint takes an excerpt of the language from the website referred to, which refers to bioengineering of crops. General Mills denies the remaining allegations in Paragraph 5 of the Complaint and specifically denies that "unnatural" is a recognized defining characteristic of ingredients produced from crops grown from seeds developed with bioengineering.

6.      The reasonable consumer assumes that "seeds created by swapping genetic material across species to exhibit traits not naturally theirs" are not "all natural." Kix advertising is very likely to deceive consumers.

**ANSWER**:  General Mills denies the allegations in Paragraph 6 of the Complaint.

7.      Plaintiff was damaged, in an amount to be determined at trial, because she did not get the "all natural" Kix products that were advertised and that she paid for.

Plaintiff paid more for Kix labeled as "all natural" compared to other cereal brands because she believed the "all natural corn" was more valuable.

**ANSWER**: General Mills denies the allegations in Paragraph 7 of the Complaint.

8.    Defendant's violations of New Jersey and federal law and wrongful conduct mislead and deceive consumers into purchasing Kix by labeling it as natural when, in fact, it is made up of GM or GMO ingredients, constitutes unjust enrichment, breach of express warranty, violate the New Jersey Consumer Fraud Act, N.J.S.A. § 58:8-1, et seq., and violates the Magnuson-Moss Warranty Act 15 U.S.C. § 2301.

**ANSWER**:   Paragraph 8 contains legal conclusions for which no response is required. To the extent a response is required, General Mills denies the allegations in Paragraph 8.

## THE PARTIES

9.    Plaintiff Christina Bevans is a consumer residing in Jersey City, New Jersey. For years Bevans regularly purchased Kix cereals for her own and her family's consumption, most recently in October 2011. Specifically since 2008, Bevans has purchased Kix original cereal every several months. During that period (2008 to present), Plaintiff observed Kix labels that stated that the cereal is "made of All Natural Corn." Plaintiff was aware of this representation through General Mill's advertising and labeling to which she was exposed about three times a month, by observing Kix advertisements in print media and retail stores and on the labels of the products themselves. She was also exposed to that representation each time she looked at the label of the Kix cereal she had at home. She purchased the products because she believed and relied upon Defendant's representations on the product labels and advertisements that Kix cereals she purchased were made of all natural ingredients. Plaintiff would not have purchased Kix but for Defendant's misleading statements about the product being all natural.

**ANSWER**: As to the allegations in Paragraph 9, General Mills is without knowledge or information sufficient to admit or deny the allegation and therefore denies the same.  To the extent any further response is required, General Mills denies that it made any misleading statements about the corn ingredients in Kix cereals "being all natural."

10.   Mrs. Bevans chose to purchase and paid more for Kix cereal labeled as "made of All Natural Corn" compared to other cereals that do not have an "all natural" representation because she believed that "all natural corn" was more valuable than

-4-        GENERAL MILLS, INC.'S ANSWER TO COMPLAINT

other products that did not make this claim. Plaintiff paid at least 23% more for Kix compared to similar products not advertised as all natural, such as Kellogg's Corn Flakes. Corn Flakes is a comparable product to Kix. Corn is the first ingredient in both products and both contain relatively few ingredients, as compared to other breakfast cereals, and are nutritionally similar in all material ways. Like Kix, Corn Flakes is a mass-market product, ubiquitous in supermarkets in New Jersey and nationwide. Corn Flakes – unlike Kix – does not advertise that it is made from "All Natural Corn." Because Kix advertises that it is made from all natural corn, it commands a substantial premium over Corn Flakes. Recently, Plaintiff purchased Kix original at the Target store in Jersey City for $4.65 per pound, which Target lists as the price of Kix original and Honey Kix. Target sells Berry Berry Kix for $4.72 per pound. In the same store, Kellogg's Corn Flakes sell for $3.24 per pound. Kix commands a premium of at least 43.5% because it deceptively advertises that it is made from "All Natural Corn." Kix enjoys a similarly material premium nationwide as a result of its "All Natural Corn" advertising as compared with Corn Flakes and other cereals not advertised as "all natural."

**ANSWER**:   General Mills denies the allegations in Paragraph 10 of the Complaint.   To the extent any further response is required, General Mills specifically denies that the corn ingredients in Kix cereals are non-natural.

11.   Plaintiff was injured in fact and lost money as a result of Defendant's wrongful conduct of improperly describing Kix as made with "All Natural Corn." Plaintiff paid for an all natural product, but did not receive a product that was all natural. Plaintiff received a product that was genetically engineered in a laboratory, and had its genetic code artificially altered to exhibit not "natural" qualities.

**ANSWER**:   General Mills denies the allegations in Paragraph 11 of the Complaint.

12.   Defendant General Mills is a Delaware corporation located in Minneapolis, Minnesota. General Mills markets and distributes Kix cereals.

**ANSWER**:   General Mills admits that it is a Delaware corporation located in Minneapolis, Minnesota and that it markets and distributes Kix cereals.

## JURISDICTION AND VENUE

13.   The Court has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1332(d), because there are at least 100 Class Members in the proposed Class, the combined claims of proposed Class Members exceed $5,000,000 exclusive of interest and costs, and at least one Class Member is a citizen of a state other than

Defendant's state of citizenship. The Court also has jurisdiction pursuant to 28 U.S.C. § 1331 because a federal question is involved whether Defendant violated the Magnuson-Moss Act 15 U.S.C. § 2301.

**ANSWER**:  General Mills admits that as alleged by Plaintiff the court has jurisdiction pursuant to 28 U.S.C. § 1332(d) and 28 U.S.C. § 1331.

14.   General Mills purposefully avails itself of the New Jersey consumer market. Every day it sells Kix cereals in at least hundreds of locations within this District to thousands of consumers.

**ANSWER**:  General Mills admits that it sells Kix cereals to wholesalers and some retailers who, in turn, sell Kix cereals to end purchasers, including purchasers within the state of New Jersey.  General Mills denies the remaining allegations in Paragraph 14 of the Complaint.

15.   Venue is proper pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to the claims asserted occurred in this District, and Plaintiff dealt with Defendant, who is located in and/or does business in this District. Venue is proper pursuant to 28 U.S.C. § 1391(c) because Defendant conducts substantial business in this District, has sufficient minimum contacts with this District, and otherwise purposely avails itself of the markets in this District, through the promotion, sale, and marketing of its products in this District.

**ANSWER**:  General Mills admits that venue is proper in this District, insofar as Kix products are sold within this District.  Except as otherwise admitted, General Mills denies the remaining factual allegations in Paragraph 15.

## FACTUAL ALLEGATIONS

**A.    General Mills Advertises Kix as "Made With All Natural Corn"**

16.   General Mills sells Kix brand cereals. Kix cereals are sold with a label on the front of the box that states prominently "made with All Natural Corn" and displays a large corn husk as a graphic. *See* Exhibits A-C (Berry Berry Kix, http://www.generalmills.com/Home/Brands/Cereals/Kix/Brand%20Product%20Li st%20Page.aspx (last visited Jan. 11, 2012); Honey Kix, http://www.generalmills.com/Home/Brands/Cereals/Kix/Brand%20Product%20 List%20Page.aspx (last visited Jan. 11, 2012); Kix (original), http://www.generalmills.com/Home/Brands/Cereals/Kix/Brand%20Product%20Li st%20Page.aspx) (last visited Jan. 11, 2012).

**ANSWER**:  General Mills admits that it sells Kix brand cereals to wholesalers and some retailers who, in turn, sell Kix cereals to end purchasers.  General Mills further admits that for certain periods of time, the labels on the front of Kix cereal boxes contained the claim "made with All Natural Corn" and that the cereal boxes displayed an image similar to a corn husk that contains graphic representations of Kix cereal.  General Mills admits that Exhibits A-C of the Complaint set forth images of portions of the packaging of certain Kix products.

17.     The three Kix cereals' "crispy corn puffs" are primarily composed of whole grain corn, corn meal, corn bran, sugar, and salt, with corn being the primary ingredient by weight.

**ANSWER**:  General Mills admits that whole grain corn, corn meal, corn bran, sugar, and salt are ingredients in Kix cereals' "crispy corn puffs" and that corn is the primary ingredient by weight.

18.     The claim that Kix cereals are "natural" is highly material to the average consumer, which is why General Mills places "made with All Natural Corn" on the front of its Kix boxes and advertisements.

**ANSWER**:  General Mills admits that for certain periods of time it placed the statement "Made with All Natural Corn" on certain labels of Kix cereal.  The remainder of Paragraph 18 contains legal conclusions to which no response is required.  To the extent a further response is required, General Mills denies the remaining allegations in Paragraph 18 of the Complaint.

**B.     Kix Cereals Are Made From Genetically Modified Organisms**

19.      The corn in Kix cereal is from genetically modified seeds.

**ANSWER:**  General Mills admits that the first listed ingredient in Kix cereal is whole grain corn.  General Mills does not test or otherwise make specific efforts to determine whether the corn used in Kix cereals is grown from seeds using bioengineering, a technology referred to in Paragraph 19 as "genetically modified seeds,"

and so is without information or knowledge sufficient to either admit or deny the allegations in the second sentence of Paragraph 19. Except as expressly admitted, General Mills denies the allegations in Paragraph 19 of the Complaint.

20.  The Cornucopia Institute recently published a report, on or about October 11, 2011, on cereals that make claims about being natural and/or organic. Cornucopia Institute, *Cereal Crimes: How "Natural" Claims Deceive Consumers and Undermine the Organic Label—A Look Down the Cereal and Granola Aisle* http://cornucopia.org/cerealscorecard/docs/ Cornucopia_Cereal_Report.pdf. The report found in pertinent part:

> General Mills owns cereal brands including Cheerios, Lucky Charms, Kix and Total. General Mills had $6.5 billion in retail sales for breakfast cereal alone in 2009 and is the country's second largest marketer of breakfast cereal. General Mills also owns the Cascadian Farm brand, which is all organic. Some General Mills breakfast cereals, such as Kix, have jumped on the "natural" bandwagon and now make claims such as "Made with all natural corn." Testing confirms that "natural" products by General Mills, such as Kix, are made with genetically engineered ingredients. Test results reveal that General Mills uses genetically engineered ingredients in its Kix cereal.

Cornucopia Institute, *Organic Cereal Scorecard*, http://cornucopia.org/cereal-scorecard/viewbrand.php?id=51.

**ANSWER**: General Mills admits that Paragraph 20 of the Complaint reproduces an excerpt of the report referred to in Paragraph 20. General Mills further admits that it makes and markets Cheerios, Lucky Charms and Kix cereals, and that it owns the brand Cascadian Farm. To the extent any further response is required, General Mills denies the allegations in Paragraph 20.

21.  The report also found that consumers pay more for "natural" labeled Kix cereals than its organic counterparts:

> This unexpected finding in price differences—with organic cereal often priced as much as 25% lower than conventional "natural" cereal—is especially striking when comparing natural food store prices with prices in conventional supermarkets. For example, in a Whole Foods Market in the Boston area, Nature's Path® unsweetened organic corn puffs are offered at

> $1.99 for 6 ounces; Kix® conventional ("natural") crispy corn puffs cost $3.69 for 8.2 ounces in a conventional supermarket (Stop 'n Shop) in the same town. That's 33 cents for an ounce of organically grown corn puffs at Whole Foods, and 45 cents per ounce for "natural," genetically engineered, pesticide-sprayed corn puffs at Stop 'n Shop.

Cornucopia Institute, Cereal Crimes: How "Natural" Claims Deceive Consumers and Undermine the Organic Label—A Look Down the Cereal and Granola Aisle http://cornucopia.org/cereal-scorecard/docs/ Cornucopia_Cereal_Report.pdf, at 18.

**ANSWER**:  General Mills admits that Paragraph 21 of the Complaint reproduces an excerpt of the report referred to in Paragraph 21. To the extent any further response is required, General Mills denies the allegations in Paragraph 21.

22.   As noted in paragraph 14, Kix commands a material premium over comparable products not advertised as "all natural."

**ANSWER**:  General Mills denies the allegations in Paragraph 22.

23.   Through its labeling of Kix cereals as "made with All Natural Corn," General Mills clearly targets consumers looking for natural foods. The "natural" designation represents to consumers they are getting food that is not genetically modified.

**ANSWER**:   General Mills denies the allegations in Paragraph 23 of the Complaint.

24.   Genetically Modified Organisms Are Not "ALL NATURAL"

**ANSWER**:   General Mills denies the allegation in Paragraph 24 of the Complaint.

25.   Monsanto Company is the world's biggest seller of GMO seeds and an avid GMO-proponent. On its website, Monsanto defines GMO as follows:

> Genetically Modified Organisms (GMO) – Plants or animals that have had their ***genetic makeup altered to exhibit traits that are not naturally theirs.*** In general, genes are taken (copied) from one organism that shows a desired trait and transferred into the genetic code of another organism.

Monsanto, http://www.monsanto.com/newsviews/Pages/glossary.aspx#g (last visited Jan. 11, 2012) (emphasis added).

**ANSWER**: General Mills admits that paragraph 25 of the Complaint takes an excerpt of the language from the website referred to. General Mills denies the remaining allegations in Paragraph 25 of the Complaint and specifically denies that "unnatural" is a recognized defining characteristic of ingredients produced from crops grown from seeds developed with bioengineering.

26.   The World Health Organization ("WHO"), which is the United Nations' directing and coordinating authority for health, defines GMO as follows:

> Genetically modified organisms (GMOs) can be defined as organisms in which *the genetic material (DNA) has been altered in a way that does not occur naturally*. The technology is often called "modern biotechnology" or "gene technology", sometimes also "recombinant DNA technology" or "genetic engineering". It allows selected individual genes to be transferred from one organism into another, also between non-related species. Such methods are used to create GM plants—which are then used to grow GM food crops.

WHO, http://www.who.int/foodsafety/publications/biotech/20questions/en/ (last visited Jan. 11, 2012) (emphasis added).

**ANSWER**: General Mills admits that paragraph 26 of the Complaint takes an excerpt of the language from the website referred to. General Mills denies the remaining allegations in Paragraph 26 of the Complaint and specifically denies that "unnatural" is a recognized defining characteristic of ingredients produced from crops grown from seeds developed with bioengineering.

27.   Romer Labs, a company that provides diagnostic solutions to the agricultural industry, defines GMO as follows:

> Agriculturally important plants are often genetically modified by the insertion of DNA material from outside the organism into the plant's DNA sequence, allowing the plant to *express novel traits that normally would not appear in nature*, such as herbicide or insect resistance. Seed harvested from GMO plants will also contain these [sic] modification.

GENERAL MILLS, INC.'S ANSWER TO COMPLAINT

Romer Labs, http://www.romerlabs.com/en/analytes/genetically-modified-organisms.html (last visited Jan. 11, 2012) (emphasis added).

**ANSWER**: General Mills admits that paragraph 27 of the Complaint takes an excerpt of the language from the website referred to. General Mills denies the remaining allegations in Paragraph 27 of the Complaint and specifically denies that "unnatural" is a recognized defining characteristic of ingredients produced from crops grown from seeds developed with bioengineering.

28.    As the above definitions make clear, genetically modified organisms are "created" artificially in a laboratory through genetic engineering. Kix cereals main ingredient of corn is not natural, much less "all natural." Advertising Kix cereals as made with all natural corn is deceptive and likely to mislead the public.

**ANSWER**:   General Mills denies the allegations in Paragraph 28 of the Complaint.

## CLASS ALLEGATIONS

29.    Plaintiff brings this action on her own behalf and as a Class Action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiff seeks certification of the following Class:

> All persons in the United States who have purchased Berry Berry Kix, Honey Kix, and Kix from January 13, 2008 through the final disposition of this and any and all related actions (the "Class").

**ANSWER**:   General Mills admits that Plaintiff attempts to define a class of persons on whose behalf she purports to bring this action, and that Plaintiff purports to define a class period.  General Mills denies that this action can be maintained as a class action.  Except as specifically admitted or denied, General Mills denies the allegations in Paragraph 29.

30.    Plaintiff and the members of the Class are so numerous that joinder of all members individually, in one action or otherwise, is impractical. Defendant's national marketing and advertising campaigns target consumers across the country. The precise number of Class members and their identities are unknown to Plaintiff at this time but will be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication.

**ANSWER**: General Mills denies that any putative class is amenable to class certification or that Plaintiff can satisfy the requirements of Rule 23. General Mills further responds that Paragraph 30 contains legal conclusions to which no response is required. To the extent that any further response is required, General Mills denies the remaining allegations in Paragraph 30 of the Complaint.

31.     This action involves questions of law and fact common to Plaintiff and all members of the Class, which include the following:

      (a)     Whether Defendant was unjustly enriched by its conduct;

      (b)     Whether Defendant's conduct constituted a breach of express warranty;

      (c)     Whether Defendant's conduct constituted a breach of the implied warranty of merchantability made to Plaintiff and the Class;

      (d)     Whether Defendant violated New Jersey Consumer Fraud Act;

      (e)     Whether Defendant violated Magnuson-Moss Act 15 U.S.C. § 2301; and

      (f)     Whether Plaintiff and Class Members sustained damages resulting from Defendant's conduct and, if so, the proper measure of damages, restitution, equitable, or other relief.

**ANSWER**:  General Mills denies that any putative class is amenable to class certification or that Plaintiff can satisfy the requirements of Rule 23. General Mills further responds that Paragraph 31 contains legal conclusions to which no response is required. To the extent that any further response is required, General Mills denies the remaining allegations in Paragraph 31 of the Complaint.

32.     Plaintiff understands and is willing to undertake the responsibilities of acting in a representative capacity on behalf of the proposed Class. Plaintiff will fairly and adequately protect the interests of the Class and has no interests adverse to, or which directly conflict with, the interests of the other members of the Class.

-12-          GENERAL MILLS, INC.'S ANSWER TO
                                                                   COMPLAINT

       **ANSWER**:   General Mills denies the allegations in Paragraph 32 of the Complaint, and specifically denies that any putative class is amenable to class certification or that Plaintiff can satisfy the requirements of Rule 23.   General Mills further responds that Paragraph 32 contains legal conclusions to which no response is required. To the extent that any further response is required, General Mills denies the remaining allegations in Paragraph 32 of the Complaint.

33.     Plaintiff has engaged the services of counsel who are experienced in complex class litigation, who will adequately prosecute this action, and who will assert and protect the rights of and otherwise represent Plaintiff and the absent Class Members.

       **ANSWER**:   General Mills denies the allegations in Paragraph 33 of the Complaint, and specifically denies that any putative class is amenable to class certification or that Plaintiff can satisfy the requirements of Rule 23.   General Mills further responds that Paragraph 33 contains legal conclusions to which no response is required. To the extent that any further response is required, General Mills denies the remaining allegations in Paragraph 33 of the Complaint.

34.    Plaintiff's claims are typical of those of the absent Class Members because Plaintiff and the Class Members all sustained damages arising from Defendant's wrongful conduct, as alleged more fully herein.

       **ANSWER**:   General Mills denies that any putative class is amenable to class certification or that Plaintiff can satisfy the requirements of Rule 23, and specifically denies that Plaintiff has sustained any damages arising from General Mills' conduct. General Mills further responds that Paragraph 34 contains legal conclusions to which no response is required. To the extent that any further response is required, General Mills denies the remaining allegations in Paragraph 34 of the Complaint.

35.    This action is brought under Rule 23 because Defendant has acted on grounds generally applicable to all members of the Class and/or because questions of law

GENERAL MILLS, INC.'S ANSWER TO COMPLAINT

or fact common to Class Members predominate over any questions affecting only individual members.

**ANSWER**: General Mills admits that this action is brought under Rule 23. General Mills denies the remaining allegations in Paragraph 35 of the Complaint, and specifically denies that any putative class is amenable to class certification or that Plaintiff can satisfy the requirements of Rule 23.  General Mills further responds that Paragraph 35 contains legal conclusions to which no response is required. To the extent that any further response is required, General Mills denies the remaining allegations in Paragraph 35 of the Complaint.

36.    Judicial determination of the common legal and factual issues essential to this case would be far more efficient and economical as a class action than piecemeal individual determinations.

**ANSWER**:  Paragraph 36 of the Complaint contains legal conclusions to which no response is required.  To the extent that any further response is required, General Mills denies the allegations in Paragraph 36 and specifically denies that the putative class is amenable to class certification or that Plaintiff can satisfy the requirements of Rule 23.

37.    Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude maintenance as a class action.

**ANSWER**:  Paragraph 37 of the Complaint contains legal conclusions to which no response is required.  To the extent that any further response is required, General Mills denies the allegations in Paragraph 37 and specifically denies that the putative class is amenable to class certification or that Plaintiff can satisfy the requirements of Rule 23.

## COUNT I
### (Violation of the Magnuson-Moss Act (15 U.S.C. § 2301 *et seq.*))

38.    Plaintiff incorporates the above allegations by reference as though fully set forth herein.

**ANSWER**:  Except as specifically admitted or denied, General Mills denies the allegations referred to in Paragraph 38 of the Complaint.

39.     Plaintiff and the Class are consumers as defined in 15 U.S.C. § 2301(3).

**ANSWER**:  Paragraph 39 contains legal conclusions for which no response is required. To the extent a response is required, General Mills denies the allegations in Paragraph 39.

40.     Defendant is supplier and warrantor as defined in 15 U.S.C. § 2301(4)(5).

**ANSWER**: Paragraph 40 contains legal conclusions for which no response is required. To the extent a response is required, General Mills denies the allegations in Paragraph 40.

41.     Kix cereals are consumer products as defined in 15 U.S.C. §2301(6).

**ANSWER**: Paragraph 41 contains legal conclusions for which no response is required. To the extent a response is required, General Mills denies the allegations in Paragraph 41.

42.     By reason of Defendant's breach of its implied warranties and express written warranties that Kix cereals are "made with All Natural Corn," when in truth they are composed of GMOs and are not as they are found in nature, Defendant has violated the statutory rights due the Plaintiff and the Class pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq*., thereby damaging Plaintiff and the Class.

**ANSWER**: Paragraph 42 contains legal conclusions for which no response is required. To the extent a response is required, General Mills denies the allegations in Paragraph 42.

## COUNT II
### (Violation of the New Jersey Consumer Fraud Act, N.J.S.A. § 58:8-1, *et seq*.)

43.     Plaintiff incorporates the above allegations by reference as though fully set forth herein.

**ANSWER**: Except as specifically admitted or denied, General Mills denies the allegations referred to in Paragraph 43 of the Complaint.

44.     Plaintiff brings this claim individually and on behalf of the Class members who purchased Kix cereals in New Jersey.

**ANSWER**:  General Mills admits that Plaintiff attempts to bring this class action on behalf of individuals who purchased Kix cereals in New Jersey.  General Mills denies that this action can be maintained as a class action.  Except as specifically admitted or denied, General Mills denies the allegations in Paragraph 44.

45.     General Mills misrepresented that Kix cereals were "made with All Natural Corn" when they are not.

**ANSWER**:  General Mills denies the allegations in Paragraph 45.

46.     General Mills' material misrepresentation that Kix cereals are "made with All Natural Corn" constitutes an unconscionable commercial practice, deception, fraud, false promise and/or misrepresentation as to the nature of the goods, in violation of the New Jersey Consumer Fraud Act.

**ANSWER**: Paragraph 46 contains legal conclusions for which no response is required. To the extent a response is required, General Mills denies the allegations in Paragraph 46.

47.     Plaintiff and the Class members suffered an ascertainable loss caused by General Mills' misrepresentation because: (a) they would not have purchased Kix cereals based on the same representation if the truth that Kix cereals are made of GMOs that are not natural had been known; or (b) they paid a price premium due to the mislabeling of Kix cereals, as detailed above.

**ANSWER**:  General Mills denies the allegations in Paragraph 47, and specifically denies that Plaintiff has suffered any loss.

### COUNT III
### (Breach of Express Warranty)

48.     Plaintiff incorporates the above allegations by reference as though fully set forth herein.

**ANSWER**:  Except as specifically admitted or denied, General Mills denies the allegations referred to in Paragraph 48 of the Complaint.

GENERAL MILLS, INC.'S ANSWER TO COMPLAINT

49.     Plaintiff brings this claim individually and on behalf of the Class.

**ANSWER**:   General Mills admits that Plaintiff attempts to bring this action individually and on behalf of a class.   General Mills denies that this action can be maintained as a class action.   Except as specifically admitted or denied, General Mills denies the allegations in Paragraph 49.

50.     Plaintiff, and each member of the Class, formed a contract with Defendant at the time Plaintiff and the other Class Members purchased Kix cereals. The terms of that contract include the promises and affirmations of fact made by Defendant on the Kix cereals' packaging and through marketing and advertising, as described above. This marketing and advertising constitute express warranties and became part of the basis of the bargain, and are part of the standardized contract between Plaintiff and the members of the Class and Defendant.

**ANSWER**:   Paragraph 50 contains legal conclusions for which no response is required. To the extent a response is required, General Mills denies the allegations in Paragraph 50.

51.     Defendant purports through its advertising to create express warranties that Kix cereals are all natural by making the affirmation of fact, and promising, that Kix cereals are "made with All Natural Corn."

**ANSWER**: Paragraph 51 contains legal conclusions for which no response is required. To the extent a response is required, General Mills denies the allegations in Paragraph 51.

52.     All conditions precedent to Defendant's liability under this contract were performed by Plaintiff and the Class, when they purchased the product and used it as directed.

**ANSWER**:   Paragraph 52 contains legal conclusions for which no response is required. To the extent a response is required, General Mills denies the allegations in Paragraph 52.

53.     Despite the express warranties that Kix cereals are "made with All Natural Corn," in fact, they are composed of GMOs and are not as they are found in nature.

-17-        GENERAL MILLS, INC.'S ANSWER TO
                                                             COMPLAINT

**ANSWER**:  Paragraph 53 contains legal conclusions for which no response is required. To the extent a response is required, General Mills denies the allegations in Paragraph 53, and specifically denies that Kix cereals are made with non-natural corn.

54.     Defendant breached express warranties about Kix cereals and their qualities because the products do not conform to Defendant's affirmations and promises that they are natural and provide such benefits described above.

**ANSWER**:  Paragraph 54 contains legal conclusions for which no response is required. To the extent a response is required, General Mills denies the allegations in Paragraph 54.

55.     As a result of Defendant's breach of express warranty, Plaintiff and the Class were harmed in the amount of the purchase price of Kix cereals.

**ANSWER**:  Paragraph 55 contains legal conclusions for which no response is required. To the extent a response is required, General Mills denies the allegations in Paragraph 55, and specifically denies that Plaintiff and the putative class were harmed.

**COUNT IV**
**(Unjust Enrichment)**

56.     Plaintiff incorporates the above allegations by reference as though fully set forth herein.

**ANSWER**: Except as specifically admitted or denied, General Mills denies the allegations referred to in Paragraph 56 of the Complaint.

57.     Plaintiff brings this claim individually and on behalf of the Class against defendant General Mills.

**ANSWER**:  General Mills admits that Plaintiff attempts to bring this action individually and on behalf of a class.  General Mills denies that this action can be maintained as a class action.  Except as specifically admitted or denied, General Mills denies the allegations in Paragraph 57.

GENERAL MILLS, INC.'S ANSWER TO COMPLAINT

58.     Plaintiff and Class members conferred a benefit on General Mills by purchasing Kix cereals.

**ANSWER**:  Paragraph 58 contains legal conclusions for which no response is required. To the extent a response is required, General Mills denies the allegations in Paragraph 58.

59.     General Mills has be [sic] unjustly enriched in retaining the revenues derived from Class members' purchases of Kix cereals, which retention of such revenues under these circumstances is unjust and inequitable because General Mills misrepresented that Kix cereals are "made with All Natural Corn" when in fact they are made of GMOs that are not natural, which caused injuries to Plaintiff and the Class because: (a) they would not have purchased Kix cereals based on the same representation if the true facts concerning their composition had been known; or (b) they paid a price premium due to the mislabeling of Kix cereals.

**ANSWER**:  Paragraph 59 contains legal conclusions for which no response is required. To the extent a response is required, General Mills denies the allegations in Paragraph 59.

60.     Because General Mills' retention of the non-gratuitous benefit conferred on it by Plaintiff and the Class members is unjust and inequitable, General Mills must pay restitution to Plaintiff and the Class members for its unjust enrichment, as ordered by the Court.

**ANSWER**:  Paragraph 60 contains legal conclusions for which no response is required. To the extent a response is required, General Mills denies the allegations in Paragraph 60, and specifically denies that Plaintiff and the putative class are entitled to restitution.

## RESPONSE TO PRAYER FOR RELIEF

General Mills denies that Plaintiff is entitled to any substantive, procedural, statutory, or injunctive remedy or relief, including the relief requested in Paragraphs A to H in Plaintiff's "Prayer for Relief" section of the Complaint, or any other relief whatsoever.  General Mills further denies that Plaintiff or any putative class member has suffered or incurred any injury or damage, either as alleged in the Complaint or at all.

-19-     GENERAL MILLS, INC.'S ANSWER TO COMPLAINT

## JURY DEMAND

General Mills demands a jury trial in this action for all issues so triable.

### DEFENSES AND AFFIRMATIVE DEFENSES

General Mills further responds to the Complaint by alleging the following defenses or affirmative defenses:

1.      The Complaint fails to state a claim upon which relief may be granted.

2.      General Mills denies all allegations not expressly admitted and reserves any and all defenses it may have against Plaintiff and the putative class. It is not necessary at this time for General Mills to articulate defenses against the putative class because no class has been certified, and no putative class members are parties to this suit.

3.      General Mills is in full compliance with all state and federal statutes, regulations, or other laws in effect at the time of its alleged conduct, and therefore is not liable for any wrongs alleged in the Complaint.

4.      No General Mills product label contains or contained any misleading, deceptive, false, or fraudulent statements or promises. As such, the labels referenced in the Complaint are not, and were not, deceptive, false, misleading, fraudulent, unlawful, or unfair, nor were they intended to mislead or deceive any customer.

5.      Plaintiff's claims are barred because no "reasonable consumer" would be misled by any General Mills label.

6.      Plaintiff's claims are barred because Plaintiff and the putative class members, at all times, knew or were aware of the benefits, characteristics, and uses of the General Mills products they purchased, and therefore could not have reasonably or justifiably relied upon the alleged misrepresentations or omissions asserted in the Complaint.

7.      Plaintiff and the putative class members are barred from making the claims for relief set forth in the Complaint because they have enjoyed the full benefit of the products they purchased from General Mills.

GENERAL MILLS, INC.'S ANSWER TO COMPLAINT

8.      Plaintiff's claims are barred because federal law preempts each cause of action.  Specifically,   Plaintiff's claims are preempted under the Nutritional Labeling and Education Act, 21 U.S.C. § 343-1(a).

9.      Plaintiff's claims are barred by the free speech guarantees of the United States Constitution, the New Jersey Constitution, the California Constitution, and any other state constitution that is invoked in this litigation.

10.     Plaintiff's claims and the putative class members' claims are barred because Plaintiff and the putative class members lack standing to pursue the claims asserted.

11.     Neither Plaintiff nor any of the putative class members have sustained or suffered any injury or damage as a result of any actions allegedly taken by General Mills, and are thus barred from asserting any claims against General Mills.

12.     Plaintiff's damages are purely speculative, remote, and impossible to ascertain, quantify, or allocate, and are thus barred from asserting any claims against General Mills.

13.     Neither Plaintiff nor any putative class member is entitled to any injunctive or equitable relief because adequate legal remedies are available at law, and because Plaintiff has not demonstrated that she has suffered or will suffer irreparable harm or injury.

14.     Plaintiff and the putative class members cannot pursue this lawsuit as a class action because the putative plaintiff class representative's claims are not sufficiently typical of those of the putative class members, common issues of fact and law do not predominate over individual issues, and damages cannot be proven on a class-wide basis. As such, the putative plaintiff class representative cannot and will not adequately represent the putative class members, the putative class is not ascertainable, and a class action is not a superior method for adjudicating the claims set forth in the Complaint.

GENERAL MILLS, INC.'S ANSWER TO COMPLAINT

15.     The Complaint should be dismissed or suspended under the primary jurisdiction doctrine.

16.     General Mills reserves the right to amend and/or supplement its Answer to assert any and all pertinent defenses ascertained through further investigation and discovery of this action. General Mills will rely on all defenses that may become available during discovery or trial.

## PRAYER FOR RELIEF

WHEREFORE, General Mills respectfully requests that the Court grant the following relief:

A. Dismiss all of Plaintiff's claims with prejudice;

B. Award costs of suit, including reasonable attorneys' fees, to General Mills; and

C. Order such other relief as the Court may deem just and proper.


DATED:  May 30, 2014

**BLANK ROME LLP**

By  *s/ Stephen M. Orlofsky*
Stephen M. Orlofsky
David C. Kistler

**PERKINS COIE LLP**
David T. Biderman (*Admitted Pro Hac Vice*)
Charles C. Sipos (*Admitted Pro Hac Vice*)

Attorneys for Defendant General Mills, Inc.

GENERAL MILLS, INC.'S ANSWER TO COMPLAINT

14577-0070/LEGAL120423941.5