**LITE DEPALMA GREENBERG, LLC**
Bruce D. Greenberg, Esq.
570 Broad Street, Suite 1201
Newark, NJ  07102
Telephone:  973-623-3000 x3820
Facsimile:  973-877-3845

***Attorneys for Plaintiffs***
(Additional counsel listed on signature page)

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE GENERAL MILLS, INC. KIX CEREAL LITIGATION | **Case No. 2:12-cv-00249-KM-JBC**<br><br>**Return Date: December 7, 2015** |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE DEFENDANT GENERAL MILLS, INC.'S PROHIBITED STATEMENTS OF FACT IN SUPPORT OF ITS REPLIES

# <u>TABLE OF CONTENTS</u>

<u>**Page**</u>

I.      INTRODUCTION ...................................................................................... 1

II.     LOCAL CIVIL RULE 56.1(a) ............................................................... 2

III.    ARGUMENT............................................................................................ 3

IV.     CONCLUSION......................................................................................... 5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Beatty v. Twp. of Elk*,
   No. 08-2235 (RBK/JS), 2010 U.S. Dist. LEXIS 36673 (D.N.J. Apr.
   14, 2010) ......................................................................................................................3

*Eckhaus v. Conrail*,
   No. 00-5748 (WGB), 2003 U.S. Dist. LEXIS 25045 (D.N.J. Dec. 24,
   2003) ........................................................................................................................4, 5

*In re Engers*,
   No. 98-CV-3660 (JLL), 2005 U.S. Dist. LEXIS 41682 (D.N.J. Sept. 8,
   2005) ...........................................................................................................................3

*Ill. Nat'l Ins. Co. v. Wyndham Worldwide Operations, Inc.*,
   85 F. Supp. 3d 785, 792 (D.N.J. 2015) .......................................................................3

*Kumar v. Johnson & Johnson, Inc.*,
   No. 12-779 (MAS) (DEA), 2014 U.S. Dist. LEXIS 154650 (D.N.J.
   Oct. 31, 2014) ...........................................................................................................2, 3

*Sanchez v. Tricorp Amusements, Inc.*,
   No. 08-4554 (FLW), 2010 U.S. Dist. LEXIS 125287 (D.N.J. Nov. 29,
   2010) .........................................................................................................................2, 3

**Other Authorities**

L. Civ. R. 7.2 .................................................................................................................1, 5

L. Civ. R. 56.1 ............................................................................................................1, 2, 3

## I.   __INTRODUCTION__

Local Civil Rule 56.1 directs parties moving for summary judgment to provide the Court with a statement of undisputed material facts.  The party opposing summary judgment then responds to those statements and has the opportunity to provide a supplemental statement of facts to which the movant is permitted to reply.  The Local Civil Rule, however, does *not permit* the moving party to then provide *additional* facts that it can then claim are undisputed and material.

Once again disregarding the Local Civil Rules governing practice in this Court, General Mills has submitted with its trio of replies eleven purportedly undisputed statements of material fact to which Plaintiffs will have no opportunity to respond.  Compounding its repeat violation of the Local Civil Rules, many of the statements are little more than arguments regarding hotly disputed issues that go to the very heart of the briefing pending before the Court.

General Mills has prejudiced Plaintiffs by repeatedly flouting the rules by which Plaintiffs have abided.  Plaintiffs accordingly request that the Court strike each of the improper statements of fact that General Mills has submitted with its replies.[1]

---

[1] The improper statements of fact are styled as Defendant General Mills, Inc.'s Statement of Facts in Support of Its Reply Under The First Amendment (Dkt. 157 at 13); Defendant General Mills, Inc.'s Statement of Facts In Support of Its Reply

## II.   <u>LOCAL CIVIL RULE 56.1(a)</u>

Local Civil Rule 56.1(a) requires a party moving for summary judgment to provide with its motion a statement of undisputed material facts.  L. Civ. R. 56(a). Along with its opposition brief, the opposing party must respond to the moving party's statement indicating its agreement or disagreement with each of the facts the moving party asserts are undisputed.  *Id.*  "In addition, the opponent may also furnish a supplemental statement of disputed material facts . . . ."  *Id.*  With its reply brief in support of its motion for summary judgment, the moving party is required to indicate its agreement or disagreement with the facts asserted as disputed in any such supplemental statement.  *Id.*  The moving party, however, *cannot submit an additional statement of facts* in support of its Reply brief.  Allyn Z. Lite, New Jersey Federal Civil Practice Rules 324 (Gann 2016 ed.) ("No reply to the responding statement is permitted.").

Courts have not hesitated to strike such improper submissions because "replies to opponent's response to a movant's statement of undisputed material facts are not permitted by Local Rule 56.1."  *Kumar v. Johnson & Johnson, Inc.*, No. 12-779 (MAS) (DEA), 2014 U.S. Dist. LEXIS 154650, at *2 n.1 (D.N.J. Oct.

---

on Damages (Dkt. 153, Ex. 1 at 19-20); and the Supplemental Statement of Undisputed Facts in Support of General Mills' Reply in Support of Motion for Partial Summary Judgment on Plaintiffs' Injunctive Relief Claims, Non-Consumer Protection Claims, and Claims as to Honey Kix and Berry Berry Kix (Dkt. 163, Ex. 1 at 15).

31, 2014); *see also Sanchez v. Tricorp Amusements, Inc.*, No. 08-4554 (FLW),

2010 U.S. Dist. LEXIS 125287, at *1 n.2 (D.N.J. Nov. 29, 2010) (noting that

"Defendant filed a Reply to Plaintiff's Response to Defendant's Fact Statement in

violation of Local R. Civ. P. 56.1.").

Moreover, a statement of facts "is not the place for argument." *Beatty v.*

*Twp. of Elk*, No. 08-2235 (RBK/JS), 2010 U.S. Dist. LEXIS 36673, at *11 n.2

(D.N.J. Apr. 14, 2010).  Statements that contain factual or legal arguments may be

struck or otherwise disregarded. *In re Engers*, No. 98-CV-3660 (JLL), 2005 U.S.

Dist. LEXIS 41682, at *9 (D.N.J. Sept. 8, 2005); *Ill. Nat'l Ins. Co. v. Wyndham*

*Worldwide Operations, Inc.*, 85 F. Supp. 3d 785, 792 (D.N.J. 2015).

## III.   <u>ARGUMENT</u>

General Mills' eleven additional reply statements of fact are procedurally

improper and impermissible under Local Civil Rule 56.1(a) and should be struck

on that basis alone.  Lite, New Jersey Federal Civil Practice Rules 324 ("No reply

to the responding statement is permitted."); *Kumar*, 2014 U.S. Dist. LEXIS 154650

at *2 n.1; *Sanchez*, 2010 U.S. Dist. LEXIS 125287, at *1 n.2.  Indeed, it would be

inequitable to permit General Mills to submit unanswered statements that go to the

very heart of the issues pending before the Court.  (*See, e.g.*, General Mills, Inc.'s

Statement in Support of its Reply on Damages ¶¶ 1-6 (claiming as undisputed that

the "Made with All Natural Corn" claim was not a factor in General Mills' pricing

of Kix).)

The statements should additionally be struck for containing improper

argument.  For example, in its Statement of Facts in Support of Its Reply Under

The First Amendment, General Mills asserts as an undisputed material fact that

Plaintiffs' Expert, Dr. Elizabeth Howlett's "conclusion . . . is deeply flawed for

multiple reasons," which are then set forth in three argumentative bullet points.

(Defendant General Mills Inc.'s, Statement of Facts in Support of Its Reply Under

the First Amendment ¶ 1.)

Courts have consistently held that "inflammatory factual assertions" do not

belong in a statement of facts.  *Eckhaus v. Conrail*, No. 00-5748 (WGB), 2003

U.S. Dist. LEXIS 25045, at *16-17 (D.N.J. Dec. 24, 2003).  As in *Eckhaus*,

General Mills' prohibited reply statements "improperly contain[] abundant

conclusions and arguments, frequently blurring the line between fact and opinion."

*Id.* (quoting *N.J. Auto. Ins. Plan v. Sciarra*, 103 F. Supp. 2d 388, 395 (D.N.J. 1998)

(internal quotation marks omitted)).  Accordingly, General Mills' additional

statements should independently be struck for containing improper arguments.[2]

---

[2] Several of General Mills' statements also fail to contain any affirmative
statements of fact and instead appear to be little more than random deposition
excerpts.  (*See, e.g.*, Defendant General Mills Inc.'s Statement of Facts In Support
of Its Reply on Damages ¶ 5 (""Q: What does [the document] indicate about a
price premium for Kix. A: In the talking points 3 it relates to within WIC, within

Moreover, this violation is yet another example of General Mills' disregard for the Local Civil Rules.  Beyond improperly submitting prohibited statements in support of its replies, each of General Mills' replies violates the applicable page limit.[3]  Plaintiffs have also separately moved to strike portions of General Mills' previously submitted statements of fact for improperly containing statements of law.  (*See* Plaintiffs' Motion to Strike Portions of Defendant General Mills, Inc.'s Supplemental Statement of Undisputed Material Facts In Opposition to Plaintiff's Motion for Partial Summary Judgment (Dkt. 169).  Plaintiffs respectfully submit that General Mills should not be permitted to so clearly and repeatedly violate the Local Civil Rules.

## IV.   <u>CONCLUSION</u>

Because General Mills has again violated both the letter and spirit of the Local Civil Rules, Plaintiffs respectfully request that the Court strike Defendant General Mills, Inc.'s Statement of Facts in Support of Its Reply Under The First Amendment; Defendant General Mills, Inc.'s Statement of Facts In Support of Its

---

the Women, Infant and Children program, that Kix is premium priced." Kistler Dec. ¶ 6, Ex. E (Carr. Dep. 164:5-9).") and ¶ 6 (""Q: And what was the anticipated impact on revenue with respect to the phrase 'made with all-natural corn.'? A: There was no analysis done as it related to that claim and the economic impact." Kistler Dec. ¶ 6, Ex. E (Carr. Dep. 101:17-21).")

[3] Local Civil Rule 7.2(b) provides that a reply brief "shall not exceed . . . 15 pages."  L. Civ. R. 7.2(b).  However, Local Civil Rule 7.2(c) further specifies that "[i]f a 12-point proportional font is used . . . [the] 15 page limit becomes 11.25 pages)."  *Id.* at 7.2(c).  Each of General Mills' replies runs a full 12 pages.

Reply on Damages; and the Supplemental Statement of Undisputed Facts in Support of General Mills' Reply in Support of Motion for Partial Summary Judgment on Plaintiffs' Injunctive Relief Claims, Non-Consumer Protection Claims, and Claims as to Honey Kix and Berry Berry Kix.

DATED: November 3, 2015

**LITE DEPALMA GREENBERG, LLC**

*s/ Bruce D. Greenberg*

Bruce D. Greenberg
570 Broad Street, Suite 1201
Newark, New Jersey 07102
Telephone:  973-623-3000
Facsimile:   973-877-3845

*Court Appointed Interim Liaison Counsel*

**MILBERG LLP**
Ariana J. Tadler (admitted *pro hac vice*)
Henry J. Kelston (admitted *pro hac vice*)
One Pennsylvania Plaza
New York, New York 10119
Telephone:  212-594-5300
Facsimile:   212-868-1229

**REESE LLP**
Michael R. Reese (admitted *pro hac vice*)
George V. Granade (admitted *pro hac vice*)
875 Avenue of the Americas
New York, New York 10001
Telephone:  212-643-0500
Facsimile:   212-253-4272

*Court Appointed Interim Co-Lead Class Counsel*