**PERKINS COIE LLP**
David T. Biderman (*Admitted Pro Hac Vice*)
505 Howard Street, Suite 1000
San Francisco, CA 94105
Phone: 415-344-7000
Fax: 415-344-7050

Charles C. Sipos (*Admitted Pro Hac Vice*)
1201 Third Avenue, Suite 4900
Seattle, WA 98101
Phone: 206-359-8000
Fax: 206-359-9000

**BLANK ROME LLP**
Stephen M. Orlofsky
David C. Kistler
New Jersey Resident Partners
301 Carnegie Center, 3rd Floor
Princeton, NJ 08540
Phone: 609-750-2646
Fax: 609-897-7286

*Attorneys for Defendant, General Mills, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE GENERAL MILLS, INC. KIX CEREAL LITIGATION | **Case No. 2:12-cv-249-KM-JBC**<br><br>**Return date: December 7, 2015**<br><br>*Electronically Filed* |

## DEFENDANT GENERAL MILLS, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE GENERAL MILLS, INC.'S STATEMENTS OF FACT IN SUPPORT OF ITS REPLIES

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ........................................................................................... 1

II.    BACKGROUND ............................................................................................ 1

III.   ARGUMENT ................................................................................................. 4

      A.     General Mills' Reply Statements of Fact Comply With Rule 56.1. ...................... 4

      B.     The Court Should Consider All Facts In General Mills' Reply Statements of Fact. ........................................................................................... 7

IV.   CONCLUSION .............................................................................................. 8

14577-0070/128728131.3

# TABLE OF AUTHORITIES

**Page**

## CASES

*Bostrom v. New Jersey Division of Youth and Family Services*,
  969 F. Supp. 2d 393 (D.N.J. 2013) ...................................................................5

*Elizabethtown Water Co. v. Hartford Cas. Ins.*,
  998 F. Supp. 447 (D.N.J. 1998) .......................................................................5

*IDT Telecom v. CVT Prepaid Solutions*,
  2009 WL 5205968 (D.N.J. Dec. 28, 2009) ......................................................7

*Kumar v. Johnson & Johnson, Inc.*,
  2014 WL 5512549 (D.N.J. Oct. 31, 2014) .......................................................6

*Rodichok v. Limitorque Corp.*,
  1997 WL 392535 (D.N.J. July 8, 1997) ...........................................................7

*Sanchez v. Tricorp Amusements, Inc.*,
  2010 WL 4923354 (D.N.J. Nov. 29, 2010) ...................................................6, 7

## RULES

LR 56.1 ............................................................................................... passim

LR 56.1(a) .....................................................................................1, 2, 4, 6

14577-0070/128728131.3

# I.    INTRODUCTION

Defendant General Mills, Inc.'s statements of fact filed with replies in support of its motions for summary judgment ("Reply Fact Statements") comply with Local Rule 56.1.[1] That rule states that the movant (here, General Mills) may respond to the opponent's (here, Plaintiffs) supplemental statement of facts by disputing facts in the Plaintiffs' statement and preparing a supplemental statement of facts necessary to substantiate the factual basis for the reply. That is what General Mills did. Plaintiff's Motion to Strike Defendant General Mills Prohibited Statements of Fact (Dkt. No. 187-1) ("Motion to Strike"), nonetheless asks the Court to strike portions of General Mills' Reply Fact Statements as "improper." *Id.* at 1.

Plaintiffs' arguments in support of General Mills' supposed non-compliance are not supported by the text of Rule 56.1, nor are they supported by the cases Plaintiffs cite. Moreover, Plaintiffs point to no instance where General Mills' Reply Fact Statements present new arguments that were not either raised in General Mills' opening motions or in Plaintiffs' responses to those motions. Plaintiffs' sole argument on that point is a complaint that it was "inequitable" for General Mills to have offered a factual refutation of an argument that the Plaintiffs themselves raised and repeatedly pressed in their opposition brief and associated Rule 56.1 statement on General Mills' Motion for Summary Judgment on Damages. *See* Motion to Strike at 3-4. But Rule 56.1 (a) does not prevent a moving party from citing facts to respond to a non-movant's baseless factual arguments, and nothing in Plaintiffs' Motion to Strike establishes otherwise.

Plaintiffs' Motion to Strike should be denied.

# II.    BACKGROUND

General Mills filed three motions for summary for judgment addressing several deficiencies in Plaintiffs' claims: (1) a motion for summary judgment on Plaintiffs' failure to prove damages; (2) a motion for summary judgment asserting a First Amendment defense; and

---

[1] The Reply Fact Statements at issue are General Mills' Statement of Facts in Support of Its Reply Under the First Amendment (Dkt. No. 157); Statement of Facts in Support of Its Reply on Damages (Dkt. No. 153, Ex. 1); and Supplemental Statement of Undisputed Facts in Support of Reply in Support of Motion for Partial Summary Judgment (Dkt. No. 163, Ex. 1).

(3) a motion for partial summary judgment addressing Plaintiffs' request for injunctive relief and related arguments going to defects in Plaintiffs' non-consumer protection claims. *See* Dkt. Nos. 138-143. In accordance with Rule 56.1, General Mills prepared three separate statements of fact supporting each of those motions. *See* Dkt. Nos. 139-1; 141-1; and 143-1.

Plaintiffs opposed each of these motions, and submitted with those oppositions their own Rule 56.1 statements of undisputed facts. *See* Dkt. Nos. 150-1; 154-1; and 161-1. In each of Plaintiffs' statements of undisputed facts, they responded to the facts set forth in General Mills' initial Rule 56.1 statements, and identified numerous additional facts they stylized as facts offered "in opposition" to General Mills' motions. *Id.* Dkt. No. 150-1 at p. 39-49; Dkt. No. 154-1 at pp. 30-37; Dkt. No. 161-1 at pp. 19-26. General Mills treated these additional facts "in opposition" to the motions as Plaintiffs' "supplemental statement of disputed material facts," described in Rule 56.1(a). *See* Rule 56.1(a) (the opponent to a summary judgment motion "may also furnish a supplemental statement of disputed material facts, in separately numbered paragraphs citing to the affidavits and other documents submitted in connection with the motion, if necessary to substantiate the factual basis for opposition").

Accordingly, in responding to Plaintiffs' additional facts in opposition, General Mills submitted Reply Statements of Fact. First, those Reply Statements of Fact responded to each of Plaintiffs' supplemental fact statements indicating General Mills' agreement or disagreement with those facts, pointing to the evidence necessary to substantiate those responses. *See* Reply Statements of Fact (Dkt. No. 153 Ex. 1 at pp. 19-20; Dkt. No. 157 at p. 13; Dkt. No. 163, Ex. 1 at p. 15). Second, General Mills identified those facts necessary to substantiate its replies. *Id.* It identified eight such facts in its Statement of Facts in Support of Its Reply on Damages (Dkt. No. 153, Ex. 1 at 19-20), two such facts in its Supplemental Statement of Undisputed Facts in Support of Reply in Support of Motion for Partial Summary Judgment (Dkt. No. 163, Ex. 1 at 15), and one such fact in its Statement of Facts in Support of Its Reply Under the First Amendment (Dkt. No. 157 at 13).

In each instance, the facts identified by General Mills in its Reply Statements of Fact went to arguments and issues already presented in the parties' briefing. In General Mills' Motion

for Summary Judgment on Damages, the eight facts in its Reply Statement responded directly to Plaintiffs' argument in their Opposition purporting to assert the existence of a "price premium" for Kix cereal. *Compare* Statement of Facts in Support of Its Reply on Damages (Dkt. No. 153, Ex. 1 at 19-20) (paragraphs ¶¶ 1-8 addressing alleged price premium) *with* Plaintiffs' Statement Nos. 11, 16, 17, 22, 23, 28, 33, 34, 44) (all facts advanced by Plaintiff regarding damages and alleged "price premium"). In General Mills' Motion for Partial Summary Judgment, the two facts identified in in its Reply Statement went to Plaintiffs' arguments in Opposition regarding General Mills' removal of the "Made with All Natural Corn" claim, and Plaintiffs' failure to seek refunds for their purchases. *Compare* Supplemental Statement of Undisputed Facts in Support of Reply in Support of Motion for Partial Summary Judgment (Dkt. No. 163, Ex. 1) at 15 *with* Plaintiffs' Statement Nos. 3, 8, 9, 10, 11, 12, 13 (all facts advanced by Plaintiffs regarding Plaintiffs purported intention to repurchase Kix and General Mills position regarding resuming "Made with All Natural Corn" claim for Kix cereal). And, in General Mills' Motion for Summary Judgment Under the First Amendment, the sole new fact identified went to the rebuttal expert testimony of General Mills' expert Dominique Hanssens, whose testimony was provided to refute the testimony of Elizabeth Howlett, Plaintiffs' expert retained to respond to the First Amendment Motion. *Compare* General Mills' Statement of Facts in Support of Its Reply Under the First Amendment (Dkt. No. 157) at 13 *with* Plaintiffs' Statements Nos. 8-11 (all facts advanced by Plaintiffs' regarding survey evidence considered by Howlett).[2] Thus, in all instances General Mills' Reply Fact Statements identified facts going to issues that were affirmatively raised by the parties in the existing summary judgment briefing.

---

[2] As to this fact in particular the parties expressly contemplated the use of rebuttal evidence for summary judgment, as the stipulated schedule for summary judgment motion anticipated the disclosure of expert testimony after the parties' opposition briefs were submitted. See Dkt. No. 132 at 2 ¶ 5 (parties' rebuttal expert reports to be served along with replies in support of motions for summary judgment).

## III.   ARGUMENT

**A.   General Mills' Reply Statements of Fact Comply With Rule 56.1.**

Rule 56.1(a) lays out a process for the parties' submission of facts in opposition to motions for summary judgment, and an accompanying process for reply. The Rule states in pertinent part:

> The opponent of summary judgment shall *[1]* furnish, with its opposition papers, a responsive statement of material facts, addressing each paragraph of the movant's statement, indicating agreement or disagreement and, if not agreed, stating each material fact in dispute and citing to the affidavits and other documents submitted in connection with the motion; any material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion. In addition, the opponent may also *[2]* furnish a supplemental statement of disputed material facts, in separately numbered paragraphs citing to the affidavits and other documents submitted in connection with the motion, if necessary to substantiate the factual basis for the opposition. *The movant shall respond to any such supplemental statement of disputed material facts as above, with its reply papers.*

*Id.* (emphases and numbering added). The text of the Rule thus directs the movant to respond to the opponent's supplemental statement of facts "as above" in the Rule.

The language of the Rule therefore contemplates a two-step process on reply: [1] the movant (General Mills') gets to respond to the non-movant's supplemental statement of facts by "indicating agreement or disagreement and, if not agreed, stating each material fact in dispute and citing to the affidavits and other documents submitted in connection with the motion," and may also [2] "furnish a supplemental statement of disputed material facts, in separately numbered paragraphs citing to the affidavits and other documents submitted in connection with the motion, if necessary to substantiate the factual basis" for the reply. *Id.* That is what General Mills' did in its Reply Statements of Fact, thus complying with the Rule.

Plaintiffs' Motion to Strike does not quote or discuss the operative language of Rule 56.1 at all. *See* Motion to Strike at 2-3. Plaintiffs nonetheless aver that Rule 56.1 prohibits "any additional statement of facts in support of [a] Reply brief." Motion to Strike at 2. This is

incorrect. Rule 56.1 prohibits the movant from supporting its motion for summary judgment with new facts that raise grounds for relief not raised in the opening motion; it does not bar a movant from identifying facts to substantiate its reply. *See Bostrom v. New Jersey Division of Youth and Family Services*, 969 F. Supp. 2d 393, 417 (D.N.J. 2013) (granting unopposed motion to strike paragraphs in reply Rule 56.1 statement "containing new facts which were not presented in the Defendants' moving papers"). Thus, the limitations in Rule 56.1 discussed in case law are merely co-extensive with limitations on parties raising new arguments for the first time in summary judgment reply briefs. *See Elizabethtown Water Co. v. Hartford Cas. Ins.*, 998 F. Supp. 447, 458 (D.N.J. 1998) ("It is axiomatic that reply briefs should respond to the respondent's argument or explain a position in the initial brief that the respondent has refuted.").

Here, although Plaintiffs insist that the Reply Statements of Fact "go to the very heart of the briefing pending before the Court" they do not identify a single fact that they ask to strike on grounds that it is in furtherance of an argument or factual issue not already presented in the parties' briefing. Motion to Strike at 1, 3-4. That is because there are no such facts: Each fact cited in the Reply Statements of Fact goes to issues raised and presented in the motions. *See* Part II, *infra* at pp. 2-3 (identifying Plaintiffs' supplemental statements of fact to which the reply statements of fact respond).

The sole instance Plaintiffs cite in their Motion to Strike as having been "inequitably" denied an opportunity to argue the evidence, goes to whether there was a "price premium" for Kix cereal associated with the "Made with All Natural Corn" claim. Motion to Strike at 3-4. Yet, Plaintiffs themselves raised this issue—expressly and repeatedly—in their Opposition to General Mills' Motion for Summary Judgment on Damages. *See* Dkt. No. 150 at 1, 9-15, 17-20 (Plaintiffs' Opposition to Motion for Summary Judgment on Damages repeatedly arguing that there was a "price premium" for Kix cereal associated with the "Made with All Natural Corn" claim). Indeed, Plaintiffs' assertion about that alleged "premium" was the central argument in their Opposition, and they had every opportunity to cite evidence they believed relevant to that issue, which they did in their briefing and their associated Rule 56.1 Statement. *Id.* at 9-14; *see also* Statement of Facts in Support of Its Reply on Damages (Dkt. No. 153, Ex. 1) (reproducing

Plaintiffs' Statement Nos. 11, 16, 17, 22, 23, 28, 33, 34, 44 all dealing with alleged premium paid by Plaintiffs, including ¶¶ 33-34, and 44 containing Plaintiffs' characterization of General Mills' documents).

Plaintiffs' arguments mischaracterized the evidence on that issue, and as movant General Mills had every right to explain why the record refuted Plaintiffs' argument. *See* General Mills' Reply in Support of Motion for Summary Judgment (Dkt. No. 153) at p. 1 ("Plaintiffs' 'price premium' theory hinges on a factual assertion for which the Plaintiffs have no evidence, and that is provably false.") *and* Statement of Facts in Support of Its Reply on Damages (Dkt. No. 153, Ex. 1 at pp. 19-20) (discussing evidence relevant to purported "price premium"). But there is nothing whatsoever "inequitable" about General Mills duly responding to an argument Plaintiffs raised, and nothing in the language of Rule 56.1(a) that forces a movant to stand mute in the face of a non-movant's incomplete and misleading discussion of the evidence. To the contrary, Rule 56.1 contemplates and allows citation to the record evidence "necessary to substantiate the factual basis" for General Mills' response to that argument. *See* Rule 56.1(a).

Finally, the cases Plaintiffs cite do not support their contrary and counter-textual reading of Rule 56.1(a). In *Kumar v. Johnson & Johnson, Inc.*, 2014 WL 5512549, at *1 n. 1 (D.N.J. Oct. 31, 2014), the court indicated it would disregard the movant's replies to the opponent's statements of fact, even though Rule 56.1 expressly allows the movant to "indicate agreement or disagreement" with the facts asserted. *See* Rule 56.1(a). And in *Sanchez v. Tricorp Amusements, Inc.*, 2010 WL 4923354, at *1 n. 1 (D.N.J. Nov. 29, 2010), the court did not discuss the language of Rule 56.1 at issue in Plaintiffs' Motion to Strike, nor did the court strike any paragraphs in the defendant's reply. *Id.* A review of the record in that case confirms that the defendant's reply was improper for containing argument on the legal issues in the case and failing to cite any record evidence. *See, e.g., Sanchez v. Tricorp Amusments, Inc.*, No. 08-cv-4554, Dkt. No. 45 ("Defendants' Reply to Plaintiff's Response to Defendant's Statement of Material Facts Not in Dispute") at p. 64-65 (reply statement containing improper and unsupported evidentiary assertions such as, "Not only is Plaintiff's dispute is [sic] nonresponsive, it is an outright fabrication and twisting of the evidence…." And "Plaintiff's Attorneys are presenting a false

case to the court."). In any event, the court in *Sanchez* considered the parties' evidence and granted the defendant's motion for summary judgment. *Sanchez*, 2010 WL 4923354, at *15.

**B.     The Court Should Consider All Facts In General Mills' Reply Statements of Fact.**

As explained above, General Mills' Reply Statements of Fact are fully compliant with Rule 56.1. But to the extent that anything in the Reply Statements of Fact could be construed as technically non-compliant the proper relief is for the Court limit its consideration to the factual record itself. *See Rodichok v. Limitorque Corp.*, 1997 WL 392535, at *1 n. 1 (D.N.J. July 8, 1997) ("The Court is not so obtuse as to be unaware of the advocatory posturing of every written submission.") (advising parties to address legal arguments in briefs but considering parties' Rule 56.1 submissions in ruling on summary judgment motion); *IDT Telecom v. CVT Prepaid Solutions*, 2009 WL 5205968, at *13 (D.N.J. Dec. 28, 2009) ("The Court is able to discern the undisputed material facts related to Telco's motion for summary judgment, and in the interest of judicial economy need not strike the document. The delay caused by re-briefing the motions to delete the minimal amount of attorney argument in all of the 56.1 statements is not necessary in light of the lack of prejudice to any party.") (denying motion to strike).[3] The same result is appropriate here, particularly when the gist of Plaintiffs' Motion to Strike is that General Mills should be prohibited from responding to a factual argument Plaintiffs themselves raised.

---

[3] These authorities likewise respond to Plaintiffs' assertion that one of the facts in its Reply Statements of Fact should be stricken as improperly argumentative. *See* Motion to Strike at 4 (requesting to strike as "argumentative" General Mills' Statement of Fact in Support of Its Reply Under the First Amendment ¶ 1). Plaintiffs' Motion to Strike points to no other instance of alleged improper argument beyond this fact. As to this fact the proper relief, if any, is for the Court to limit its consideration to the factual record identified, not to strike the Reply 56.1 statement. *IDT Telecom*, 2009 WL 5205968, at *13.

# IV.    CONCLUSION

For all the foregoing reasons, Plaintiffs' Motion to Strike should be denied.

Dated this 23rd day of November, 2015.

By: */s/ Stephen M. Orlofsky*
     **BLANK ROME LLP**
     Stephen M. Orlofsky
     David C. Kistler
     New Jersey Resident Partners
     301 Carnegie Center, 3rd Floor
     Princeton, NJ 08540
     Phone: 609-750-2646
     Fax: 609-897-7286

     **PERKINS COIE LLP**
     David T. Biderman (*Admitted Pro Hac Vice*)
     505 Howard Street, Suite 1000
     San Francisco, CA 94105
     Phone: 415-344-7000
     Fax: 415-344-7050

     Charles C. Sipos (*Admitted Pro Hac Vice*)
     1201 Third Avenue, Suite 4900
     Seattle, WA 98101
     Phone: 206-359-8000
     Fax: 206-359-9000

     *Attorneys for Defendant, General Mills, Inc.*