**LITE DEPALMA GREENBERG, LLC**
Bruce D. Greenberg
570 Broad Street, Suite 1201
Newark, NJ 07102
Telephone: 973-623-3000
Facsimile: 973-623-0858

*Attorneys for Plaintiffs*
(Additional counsel listed on signature page)

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| IN RE GENERAL MILLS, INC. KIX CEREAL LITIGATION | **Civil Action No.: 12-00249-KM-JBC**<br><br>**Return Date: December 7, 2015** |

## REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE DEFENDANT GENERAL MILLS, INC.'S PROHIBITED STATEMENTS OF FACT IN SUPPORT OF ITS REPLIES

555060.1

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ...................................................................................1

II.    ARGUMENT.........................................................................................2

     A.    Local Civil Rule 56.1(a) and the cases construing it prohibit parties from submitting Supplemental Statements of Fact with their Replies....................................................................................2

     B.    The Court should not reward General Mills' repeated violations of the Local Civil Rules.......................................................6

III.    CONCLUSION.....................................................................................7

555060.1

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Bostrom v. N.J. Div. of Youth & Family Servs.*,
    969 F. Supp. 2d 393 (D.N.J. 2013)...............................................................5

*Kumar v. Johnson & Johnson, Inc.*,
    No. 12-779 (MAS) (DEA), 2014 U.S. Dist. LEXIS 154650
    (D.N.J. Oct. 31, 2014) ..............................................................................5, 6

*McCarthy v. Kelner, Pecoraro & Kelner, P.C.*,
    No. 10-6559 (FSH) (PS), 2012 U.S. Dist. LEXIS 32288 (D.N.J.
    Mar. 12, 2012) ...............................................................................................6

*Sanchez v. Tricorp Amusements, Inc.*,
    No. 08-4554 (FLW), 2010 U.S. Dist. LEXIS 125287 (D.N.J.
    Nov. 29, 2010) ...............................................................................................5

## Other Authorities

Allyn Z. Lite, New Jersey Federal Civil Practice Rules 324 (Gann 2016 ed.) .........4

Local Civil Rule 56.1 .......................................................................*passim*

555060.1

## I.     __INTRODUCTION__

General Mills filed three summary judgment motions on October 19, 2015

(Dkts. 138-143).  On October 20, 2015, Plaintiffs filed oppositions to the motions,

including responses to General Mills' statements of purportedly undisputed

material facts (Dkts. 150; 154; 161).  Plaintiffs also filed supplemental statements

of material facts, as permitted by Local Civil Rule 56.1.  On October 20, 2015,

General Mills filed Replies in support of its motions, including Reply Statements

of Fact responding to each of Plaintiffs' supplemental fact statements, also in

accordance with Rule 56.1 (Dkts. 153; 156 and 157; 163).  However, in clear

violation of that Rule, General Mills also submitted separate Supplemental

Statements of Fact– *i.e.*, statements of *new* facts – in support of its Replies.

Plaintiffs moved to strike General Mills' Supplemental Statements of Fact as

improper under Local Civil Rule 56.1 (Dkt. 187).

In its Opposition to Plaintiffs' Motion to Strike the Supplemental

Statements,[1] General Mills argues that Rule 56.1 expressly allows a party moving

for summary judgment to rely on purportedly undisputed facts that it raises for the

first time in a Supplemental Statement of Facts filed with the movant's Reply brief,

even though the party opposing the motion has no opportunity under the Rule to

---

[1] Defendant General Mills, Inc.'s Opposition to Plaintiffs' Motion to Strike
Defendant General Mills, Inc.'s Prohibited Statements of Fact in Support of Its
Replies (Dkt. 196) ("Opp.").

dispute those newly-asserted "facts."  General Mills' interpretation of Local Rule

56.1 is contrary to the express language of the Rule, the cases and a treatise

construing the Rule, and common sense.  Accordingly, the Court should strike

General Mills' prohibited Supplemental Statements (Dkts. 153, Ex. 1; 157; and

163, Ex. 1).

## II.    ARGUMENT

### A.    Local Civil Rule 56.1(a) and the cases construing it prohibit parties from submitting Supplemental Statements of Fact with their Replies.

General Mills argues that Local Civil Rule 56.1 permits a moving party to

submit Supplemental Statements of Fact in support of that party's Reply on a

motion for summary judgment.  The relevant portion of the Local Civil Rule reads

as follows:

> The opponent of summary judgment shall furnish, with its opposition papers, a *responsive* statement of material facts, addressing each paragraph of the movant's statement, indicating agreement or disagreement and, if not agreed, stating each material fact in dispute and citing to the affidavits and other documents submitted in connection with the motion; any material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion.  *In addition*, the opponent may also furnish a supplemental statement of disputed material facts, in separately numbered paragraphs citing to the affidavits and other documents submitted in connection with the motion, if necessary to substantiate the factual basis for opposition.  The movant shall *respond* to any such supplemental statement of disputed material facts *as above*, with its reply papers.

L. Civ. R. 56.1(a) (emphasis added).

The logic of the Rule is clear: the motion opponent is permitted to *respond* to the moving party's initial statement of "undisputed" material facts; "*in addition*" to—and separate from—the responsive statement, the opponent may provide a Supplemental Statement to "substantiate the factual basis for opposition" to the motion. *Id.* (emphasis added). The opponent's Supplemental Statement does not "respond" to the movant's Statement of Facts but, rather, puts forth new facts to support the opposition. The movant then has an opportunity to respond to the facts newly raised by the opponent at the time that the movant files its Reply brief. Briefing is then closed. Any attempt by the movant to introduce additional facts at the Reply stage would be highly prejudicial because the opposing party would have no opportunity to dispute the belated assertions.

Moreover, Local Civil Rule 56.1 expressly provides that "any material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion." *Id.* Were the Court to accept General Mills' interpretation of the Rule, parties moving for summary judgment would be enabled to rely on statements of "fact" that would automatically be deemed undisputed simply because the opposing party has no opportunity to respond. Such a result would grossly skew the summary judgment process in favor of the moving party and could not have been the intent of the drafters of Rule 56.1.

General Mills' entire argument is that the words "as above" in the final sentence of the Rule mean that it is entitled to provide both: (1) a response to Plaintiffs' Supplemental Statement of Facts, *and* (2) an *additional* Supplemental Statement of Facts in support of its Reply. (Opp. at 4).  Yet General Mills ignores the verb to which "as above" refers.  The Local Civil Rule directs a moving party only to "***respond*** to any such supplemental statement of disputed material facts *as above*." L. Civ. R. 56.1(a) (emphasis added).  A party *responds* to a Statement of Facts by "furnish[ing]… a *responsive* statement of material facts." *Id.*  (emphasis added).[2]

General Mills cites no authority supporting its claim that a moving party is entitled to submit both a responsive statement and a Supplemental Statement of Facts.[3] As explained in Plaintiffs' Motion, the leading treatise interpreting the Local Civil Rule rejects General Mills' position.  (Motion at 2 (citing Allyn Z. Lite, New Jersey Federal Civil Practice Rules 324 (Gann 2016 ed.))).  General

---

[2] Plaintiffs were required to, and did, support their Oppositions by submitting Responsive Statements of Fact.  Plaintiffs also submitted Supplemental Statements of Fact in support of their Oppositions.  To the extent that any of General Mills' supplemental facts responded to Plaintiffs' Oppositions, they could have been properly submitted those facts in response to Plaintiffs' Supplemental Statements.

[3] This is not General Mills' first attempt to rewrite the Local Civil Rules to justify clearly improper behavior.  *See* Reply in Support of Plaintiffs' Motion to Strike Portions of Defendant General Mills, Inc.'s Supplemental Statement of Undisputed Material Facts in Opposition to Plaintiff's Motion for Partial Summary Judgment, dated Nov. 6, 2015 (Dkt. 194) at 1-2 (moving to strike General Mills' violations of Local Civil Rule 56.1 prohibiting statements containing conclusions of law).

Mills does not even attempt to distinguish *Kumar v. Johnson & Johnson, Inc.*, No. 12-779 (MAS) (DEA), 2014 U.S. Dist. LEXIS 154650 (D.N.J. Oct. 31, 2014), but simply asserts that Judge Shipp's interpretation of the Local Civil Rule was wrong. (Opp. at 6).  Similarly, General Mills criticizes the holding in *Sanchez v. Tricorp Amusements, Inc.*, No. 08-4554 (FLW), 2010 U.S. Dist. LEXIS 125287, at *1 n.2 (D.N.J. Nov. 29, 2010), that a Supplemental Statement in support of a party's Reply was a violation of Local Rule 56.1, on the ground that the court "did not discuss the language of Rule 56.1."[4]

    *Bostrom v. N.J. Div. of Youth & Family Servs.*, 969 F. Supp. 2d 393 (D.N.J. 2013), cited by General Mills, provides further support for Plaintiffs' Motion to Strike.  In *Bostrom*, plaintiffs' motion to strike was granted where, "instead of responding to Plaintiffs' 56.1 counter statement of material facts, the Defendants submitted a second 56.1 statement containing new facts which were not presented in the Defendants' moving papers.  This is procedurally inappropriate and not permitted by L. Civ. R. 56.1." *Id*. at 418.  General Mills' claim that *Bostrom* does not prohibit a party from raising new facts in its reply, but only new arguments, is

---

[4] General Mills attempts to distinguish *Sanchez* by arguing that the prohibited submission contained impermissible argument.  (Opp. at 6-7).  As explained in Plaintiffs' Motion, General Mills' prohibited statements also contain improper argument.  *Compare* Opp. at 6 ("Not only is Plaintiff's dispute is [sic] nonresponsive, it is an outright fabrication and twisting of the evidence….") *with* Dkt. 157 at 13 ¶ 1 ("Dr. Howlett's conclusion … is deeply flawed for multiple reasons.").

simply wrong.  Indeed, the uniformity with which Courts have interpreted the Local Civil Rule illustrates the fatal weakness of General Mills' opposition to this Motion.

**B.     The Court should not reward General Mills' repeated violations of the Local Civil Rules.**

General Mills argues as a fallback that even if its prohibited submissions are found to violate the Local Civil Rules, the Court should evaluate the underlying factual record on its own.  (Opp. at 7).  But it is not the Court's responsibility to "sift through the parties' submissions in search of undisputed material facts." *Kumar*, 2014 U.S. Dist. LEXIS 154650, at *2 n.1; *see also McCarthy v. Kelner, Pecoraro & Kelner, P.C.*, No. 10-6559 (FSH) (PS), 2012 U.S. Dist. LEXIS 32288, at *10 (D.N.J. Mar. 12, 2012) ("Judges are not like pigs, hunting for truffles buried in the record.") (quoting *Doeblers' Pa. Hybrids, Inc. v. Doebler*, 442 F.3d 812, 820 n.8 (3d Cir. 2006)).

General Mills essentially asks that there be no meaningful consequences for its violations of the Local Civil Rules.  The Local Civil Rules are neither ambiguous nor difficult to follow.  Whether it is page limits (*see* Motion at 5 n.3), prohibitions on legal argument in Statements of Fact (*see* Dkt. 169), or as here, submissions that are not permitted at all, General Mills has repeatedly violated relevant procedural rules.  General Mills' appeal for leniency should be denied and its prohibited statements stricken.

555060.1                                    6

## III.  CONCLUSION

Supplemental Statements of Fact may not be submitted in support of a party's Reply.  For the reasons set forth above and in Plaintiffs' Motion, the Court should strike Defendant General Mills, Inc.'s Statement of Facts in Support of Its Reply Under The First Amendment (Dkt. 157); Defendant General Mills, Inc.'s Statement of Facts In Support of Its Reply on Damages (Dkt. 153, Ex. 1); and the Supplemental Statement of Undisputed Facts in Support of General Mills' Reply in Support of Motion for Partial Summary Judgment on Plaintiffs' Injunctive Relief Claims, Non-Consumer Protection Claims, and Claims as to Honey Kix and Berry Berry Kix (Dkt. 163, Ex. 1).  Acceptance of General Mills' Supplemental Statements of Fact, to which Plaintiffs have no opportunity to respond, would be highly prejudicial to Plaintiffs.

Dated: November 30, 2015                        **LITE DEPALMA GREENBERG, LLC**

                                       *s/ Bruce D. Greenberg*
                                       Bruce D. Greenberg
                                       570 Broad Street, Suite 1201
                                       Newark, NJ  07102
                                       Telephone: 973-623-3000
                                       Facsimile: 973-623-0858

                                       ***Court Appointed Interim Liaison Counsel***

**MILBERG LLP**
Ariana J. Tadler (admitted *pro hac vice*)
Henry J. Kelston (admitted *pro hac vice*)
One Pennsylvania Plaza
New York, New York 10119
Telephone: 212-594-5300
Facsimile:  212-868-1229

**REESE LLP**
Michael R. Reese (admitted *pro hac vice*)
George V. Granade (admitted *pro hac vice*)
100 West 93rd Street, Suite 16C
New York, NY 10025
Telephone: 212-643-0500
Facsimile:  212-253-4272

*Court Appointed Interim Co-Lead Class Counsel*