## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IN RE GENERAL MILLS, INC. KIX CEREAL LITIGATION,** | Civ. No. 12-249 (KM)<br><br>**MEMORANDUM AND ORDER** |

**KEVIN MCNULTY, U.S.D.J.:**

     Plaintiffs filed this class action alleging that defendant, General Mills, Inc. ("General Mills") misled consumers by labeling its Kix cereal products as "made with all natural corn" when those products were made from bioengineered corn. On November 1, 2013, following the lead of other courts considering similar cases, I referred this action to the Food and Drug Administration ("FDA") for an administrative determination on the question of whether and under what circumstances food products containing bioengineered corn may be labeled "natural." (ECF no. 91) By letter addressed to this Court dated January 6, 2014, the FDA declined to make a determination on this issue. (ECF no. 94) The case was therefore reopened. (ECF no. 98)

     On November 12, 2015, the FDA issued a request for comments relating to use of the term "natural" on food product labels. *See* Use of the Term "Natural" in the Labeling of Human Food Products; Request for Information and Comments, 80 Fed. Reg. 69,905 (Nov. 12, 2015). In light of this, the parties have filed supplemental briefing addressing how the recent FDA action relates to this case. (ECF no. 201-204)

     Based on the parties' submissions, I find that it is appropriate to stay this action pursuant to the primary jurisdiction doctrine. *See generally Reiter v. Cooper*, 507 U.S. 258 (1993); *see also Kane v. Chobani, LLC*, Civ. No. 14-15670, 2016 WL 1161782 (9th Cir. March 24, 2016) (holding that stay of class action

was warranted pending FDA delineation of scope and permissible usage of terms "natural" and "evaporated cane juice" in connection with food products). I find a stay particularly appropriate in this case given that the FDA's request for comments specifically refers to the issue of bioengineered ingredients. As to that issue, the expertise of the FDA is critical. The period for comments has only recently closed, on May 10, 2016. *See* FDA Requests Comments on Use of the Term "Natural" on Food Labeling, available at http://www.fda.gov/Food/NewsEvents/ConstituentUpdates/ucm471919.htm. Unlike the Ninth Circuit, however, I have stayed the action, not for an open-ended period pending the FDA's resolution of the question, but for a period of 120 days, subject to renewal if appropriate.

Therefore, **IT IS** this 13th day of June, 2016,

**ORDERED** that this action is stayed for 120 days, until October 11, 2016, so that this Court can consider any developments that may follow the submission of comments to the FDA;

**ORDERED** that on or before October 4, 2016, the parties will make a submission, not to exceed five pages, updating the Court on any relevant developments and suggesting next steps this Court should take, including whether any extension of the stay is appropriate;

**ORDERED** that the parties' motions for summary judgment and motions to strike are administratively terminated, pending resolution of the stay. (ECF nos. 138, 140, 142, 148, 169-175, 187) As appropriate, these motions can be renewed or refiled at a later date to be established by the Court.

_____
**HON. KEVIN MCNULTY, U.S.D.J.**